IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                       No. 23mj1440 DLM

STEPHANIE RIVERA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On October 2, 2023, defendant Stephanie Rivera was ordered detained pending trial by the Honorable Damian Martinez. She appeals the order to this Court, requesting she be released on conditions as recommended by the Pretrial Services Office. On November 29, 2023, this Court held a hearing on the appeal. AUSA Patrick Cordova appeared for the United States and attorney Jess Lilley appeared on behalf of Ms. Rivera.

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a)is de novo." *United States v. Cisneros,* 328 F3d 610, 616 n.1(10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley,* 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615).

I have reviewed the following:

1. Judge Martinez's findings and conclusions as set forth in his Order of Detention (Doc. 12);

2. The minutes of the detention hearing (Doc. 9);
3. The audio recording of the detention hearing;
4. The Criminal Complaint (Doc. 1);
5. Pre-Trial Service's report, including the recommendation to release Ms. Rivera to the ½-way house and with other conditions (Doc. 7);
6. Ms. Rivera's appeal (Doc. 13); and
7. The Response from the United States, that includes the multiple exhibits of investigative reports (Doc. 14).

The United States' position is that the defendant should be detained because she is both a risk of flight and danger to the community. In deciding whether to release or detain a defendant pending trial, the Court considers the following factors set for in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
>   a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Having considered the record and the foregoing factors, this Court finds by a preponderance that Ms. Rivera is a risk of flight. I'm very concerned with her history of failing to follow orders of the Court, as demonstrated in the multiple FTAs specifically accounted in the Pre-trial Services Report. Ms. Rivera also has shown a disregard for the law as expressed in the recordings from the Detention Center, in which she stated words to the effect, that "they can't do anything to me." Her outburst in Court on July 11, 2023, after a guilty verdict was announced in *United States v. Michael Rivera*, 22cr1561 also demonstrates a disregard and disrespect for authority. I also note Ms.

Rivera's history of substance abuse and mental illness (PTSD).

The Court also finds by clear and convincing evidence that Ms. Rivera is a danger to the community. Ms. Rivera's history, as described in the PTS report as well as the allegations in the complaint and the surrounding circumstances suggest Ms. Rivera is violent; carrying out a threat against a minor-aged victim in a trial that she made in a federal courtroom after a guilty verdict of her brother. I share Judge Martinez's concern that even weeks after the trial and courtroom outburst and what otherwise should have been enough of a cooling-off period, she allegedly carried out those threats on an innocent, non-threatening grandmother of the victim.

The inquiry does not stop there, however, because this Court still must consider that while Ms. Rivera is both a risk of flight and a danger, whether there are conditions or a combination of conditions that would assure her appearance and safety of the community. Here, I'm most concerned with the safety of Jane Doe and her family, located in or around Silver City. Even so, I conclude there are conditions that can allay my concerns.

Ms. Rivera shall be released on a $10,000 unsecured bond and directly to the ½-way house as soon as a bed is available. I'm adopting all the recommended conditions of release outlined in the Pretrial Services Report. I'll emphasize the condition that Ms. Rivera have no contact, direct or indirect, with any person who is or may be a victim or witness in the investigation or prosecution in this case or the case, *United States v. Michael Rivera,* 22cr1561. In addition, Mr. Rivera is prohibited from entering Grant County, New Mexico, while this case remains on-going, except to take care of any criminal matters pending there in State District Court.

IT IS ORDERED.

UNITED STATES DISTRICT JUDGE

3